IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICHAEL PATRICK COUTURE,              §
                                      §
        Petitioner,                   §
                                      §
v.                                    §          2:03-CV-0212
                                      §
DOUGLAS DRETKE, Director,             §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
                                      §
        Respondent.                   §

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody

filed by petitioner MICHAEL PATRICK COUTURE.  For the reasons hereinafter set forth, it is

the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas

corpus should be DENIED.

I.
DISCIPLINARY CHARGE

On April 1, 2003, petitioner was charged in case 20030203440 with the following offense

description:

> [Petitioner] was ordered by (Officer Hall) to keep hands inside the cell to allow
> closure of the food slot and said offender failed to obey the order.

On April 9, 2003, the prison disciplinary hearing officer (DHO) conducted a disciplinary

proceeding wherein petitioner was found guilty of the disciplinary offense of disobeying an order,

HAB54\DISCIP\R&R\MERITS\COUTURE-MP:2

and was punished with the forfeiture of one (1) day previously accrued good time credits.[1]  In the

disciplinary report, the DHO indicated he relied on the charging officer's report and testimony

(which stated petitioner refused to comply with the order given) in determining petitioner was

guilty of the charged disciplinary offense.

Petitioner filed Step 1 of the Offender Grievance process, which was denied on the basis

that "no procedural errors were found" and "sufficient evidence was presented to support a guilty

verdict."  Petitioner also filed Step 2 of the Offender Grievance process which was denied with the

following findings:

> Major disciplinary case # 20030203440 has been reviewed.  The disciplinary
> charge was appropriate for the offense and the guilty verdict was supported by a
> preponderance of the evidence.  You were given a verbal order to keep your hands
> inside of the cell and you did not obey that order, which is why you were given the
> case.  An IOC was not required.  Your version of events was refuted at the hearing.
> . . .  The witness statements supported the charge against you in that all of your
> witnesses stated that you had placed your ID on the door.  You were not accused of
> "jacking" the food slot, so that testimony was irrelevant. . . .

Petitioner filed the instant federal application for habeas corpus relief on July 16, 2003.


II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the

disciplinary proceeding in Case No. 20030203440 in the following respects:

1.      The evidence shows petitioner did not disobey an order;

2.      The disciplinary hearing officer (DHO) disregarded overwhelming,
         uncontroverted evidence to find petitioner guilty of the charged offense;

3.      The DHO unreasonably chose to believe a single witness (the charging
         officer), whose credibility had been impeached, over the uncontroverted
         testimony of six (6) inmate witnesses; and

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

4.      The grievance decisions are erroneous because uncontroverted testimony demonstrated the charging officer (CO) was lying and bringing false charges against petitioner.


## III.
## STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ-CID), as a result of a 15-year sentence.  Elaboration of

the specifics of petitioner's state court conviction and any post-conviction proceedings are

unnecessary because, in this habeas petition, petitioner challenges only the result of the

disciplinary proceeding.


## IV.
## MERITS

In order to prevail in a federal habeas corpus proceeding, a petitioner must show his due

process rights were violated during the state prison disciplinary process.  The United States

Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary

proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the

Court held that while disciplinary proceedings are not part of the criminal prosecution process

and, therefore, the full panoply of rights does not apply, there are certain minimal due process

provisions required to be satisfied.  Those are: (1) advance written notice of the charges; (2) an

opportunity to call witnesses and/or present documentary evidence when such presentation is not

unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the

fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not specifically allege he was denied any procedural due process

protections established by *Wolff* in any of the disciplinary proceedings.  Further, review of the

disciplinary proceeding records reveals petitioner was afforded the full panoply of constitutional

procedural due process requirements under *Wolff*.  Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all.  *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).  Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was no evidence to support the disciplinary adjudication.

Here, each of petitioner's arguments are based on the premise that there was more evidence presented at the disciplinary hearing to support petitioner's version of the events leading to the disciplinary charge than there was evidence crediting the charging officer's version of the events – sufficiency of the evidence claims.  It is beyond the duties of this Court, however, to reweigh the evidence presented at a prison disciplinary proceeding hearing.  Instead, it is this Court's sole obligation to review whether the finding of guilt had the support of some facts.  If there is any evidence at all to support the disciplinary adjudication, this Court must affirm the ruling, regardless of whether this Court would have held similarly.

Petitioner acknowledges the charging officer in his disciplinary case gave incriminating testimony against him.  The disciplinary report also indicated the DHO relied upon the charging officer's testimony and report in making his determination of guilt.  Clearly there was some evidence to support the DHO's finding of petitioner's guilt of the charged offense.[2]  Consequently, this Court must uphold the finding of guilt and assessment of punishment as petitioner has not

---

[2]Due to the needs of prison security and protection, even "anonymous and merely generalized accusations [can] form the sole basis for disciplinary action against a prison inmate."  *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

meet his burden of showing there was <u>no</u> evidence supporting the disciplinary adjudication. Petitioner is not entitled to federal habeas corpus relief.

Petitioner has not shown the challenged forfeiture of one (1) day accumulated good conduct time was in violation of the United States Constitution.  Consequently, the undersigned finds the instant habeas application should be denied on the merits.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MICHAEL PATRICK COUTURE is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of June 2005.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be

<u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).